UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | | |
|---|---|---|
| PEDRO PERALEZ, | ) | No. ED CV 09-01342-VBK |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| v. | ) | (Social Security Case) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issues:

1. Whether the Administrative Law Judge ("ALJ") properly

                complied with SSR 96-7p regarding the type, dosage,
                effectiveness and side effects of medications;
        2.      Whether the ALJ properly considered the treating clinician's
                opinion;
        3.      Whether the ALJ posed a complete hypothetical question to
                the vocational expert; and
        4.      Whether the ALJ properly considered Plaintiff's ability to
                perform past relevant work as actually performed.
(JS at 2-3.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

**I**

**THE ALJ DID NOT COMMIT ERROR REGARDING**

**ASSERTED SIDE EFFECTS OF MEDICATIONS**

Plaintiff asserts that in a Disability Report - Appeal form, he reported that the Seroquel medication prescribed to him made him feel "tired, drowsy [and] disoriented." (AR 135, 144.) He also notes that while incarcerated with the California Department of Corrections, he at one point complained of being over-sedated with Seroquel during the day. (AR 169.) As a result, his Seroquel medication was decreased. (Id.)

The ALJ considered the fact that Plaintiff stated he takes Seroquel, among other medications. (AR 12.) No finding was made, however, concerning any negative side effects of this medication.

Plaintiff received a complete psychiatric evaluation ("CE") on

2

1  September 29, 2006 at the request of the Department of Social Security
2  Disability and Adult Programs, from Dr. Smith. (AR 238-246.)  During
3  that examination, Plaintiff stated that he takes Seroquel, but when he
4  showed the Seroquel bottle to the examiner, the seal was still on the
5  neck and it had not been opened.  Plaintiff could not explain that,
6  but said that this medication helps sometimes.  Plaintiff made no
7  complaint about any side effects of Seroquel. (AR 240.)

8      Progress notes of the California Department of Corrections
9  indicate that Plaintiff was doing well on his medications, and indeed
10 indicated that they controlled his psychiatric condition. (AR 200-
11 201.)

12     Finally, the ALJ found that Plaintiff's allegations as to
13 limitations concerning his mental problems are not credible. (AR 13.)
14 Plaintiff does not challenge this credibility finding.  Thus, to the
15 extent that Plaintiff's complaints concerning side effects of Seroquel
16 may be fairly considered in light of an adverse credibility
17 determination, they carry little if any weight.

18     For the foregoing reasons, the Court concludes that no error was
19 committed with regard to asserted side effects from Seroquel.

**II**

**THE ALJ DID NOT IMPROPERLY DISREGARD**

**THE OPINION OF AN UNQUALIFIED CLINICIAN**

24     In Plaintiff's second issue, he asserts that the ALJ erred by not
25 considering the opinion of Irene Tapia, a "mental health specialist,"
26 rendered on October 17, 2008 in a "check-the-box" Work Capacity
27 Evaluation (Mental). (AR 285-286.)

28     Plaintiff acknowledges that this individual is not considered an

1  "acceptable medical source" under applicable regulations. (JS at 6,
2  citing 20 C.F.R. §§404.1513(a); 416.913(a).)  Plaintiff then argues
3  that the Court should still validate this opinion since it was
4  rendered in conjunction with a qualified physician. (JS at 6-7.)
5  Finally, Plaintiff argues that once an impairment has been
6  established, regulations permit the ALJ to consider "other sources" to
7  show the severity of an impairment and how it affects a claimant's
8  ability to work. (JS at 7, citing 20 C.F.R. §§404.1513(a)(1);
9  416.913(e)(1).)
10     There is no evidence whatsoever that this mental health
11 professional was working under the auspices of any qualified source.
12 Plaintiff argues that it is "very likely" that she was working in
13 conjunction with a psychiatrist, but this is merely speculative.
14 Moreover, Ms. Tapia's evaluation indicated marked to extreme
15 limitations in 15 of the 16 functional areas listed.  This assessment
16 was totally at odds with the weight of the evidence.  There is nothing
17 in this record to indicate what, if any, relationship Ms. Tapia had
18 with Plaintiff.  There is no indication whether she examined
19 Plaintiff, or whether she had the benefit of any clinical or other
20 testing.  In contrast to Mr. Tapia's extreme conclusions, the
21 consulting psychiatrist, Dr. Smith, found that Plaintiff had no
22 impairment in mental abilities which are relevant to a disability
23 determination. (AR 245-246.)  Similarly, the Psychiatric Review
24 Technique Form ("PRTF") (AR 247) indicated only a mild limitation in
25 three of the four relevant functional areas. (AR 255.)
26     For the foregoing reasons, the Court finds no error concerning
27 the ALJ's failure to incorporate Ms. Tapia's conclusions.
28     Plaintiff's third issue, which will be addressed here, concerns

whether the ALJ posed a complete hypothetical question to the vocational expert ("VE"). The basis for this contention is that the hypothetical question (<u>see</u> AR 39-40) omitted the limitations assessed by Ms. Tapia (Issue 2), and Plaintiff's reported side effects from Seroquel. (Issue 1.) These issues have already been addressed, and the Court has found no error with regard to either of them. Consequently, there was no need to incorporate them into the hypothetical question posed to the VE. <u>See</u> <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1100 (9th Cir. 1999).

### III

### **THE ALJ PROPERLY CONSIDERED PLAINTIFF'S ABILITY**
### **TO PERFORM HIS PAST RELEVANT WORK**

In his decision, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform the full range of medium work. (AR 11.) Plaintiff makes the following argument: that in the decision, the ALJ gave "significant weight" to the State Agency physician, who in part assessed that Plaintiff should avoid even moderate exposure to fumes, odors, dusts, gases, and poor ventilation. (AR 263.) But Plaintiff conflates the expression "significant weight" with a wholesale adoption of an opinion. The ALJ did not make any such limitation in his RFC assessment, and Plaintiff has not challenged that assessment. Rather, Plaintiff assumes that the ALJ seemingly <u>meant</u> to include such a limitation in Plaintiff's RFC, and then proceeds to argue that the VE's identification of Plaintiff's past relevant work as being available to him was an unexplained deviation from the RFC as found by the ALJ. It simply was not. In fact, when Plaintiff complained at the hearing that he sometimes has

a hard time breathing, the ALJ incorporated into his hypothetical question previously posed to the VE a limitation against even moderate exposure to dust, fumes and gases. The ALJ asked, "Could such a person go back to any of claimant's past relevant work?" The ALJ's answer was that "The fiberglass laminating work would fall within that hypothetical, Your Honor." (AR 39-40.)

Based on the foregoing, it thus appears that Plaintiff's counsel is simply assuming, without any evidentiary basis, that Plaintiff's past relevant work would require him to be "frequently exposed to toxic caustic chemicals." (JS at 15.) But there is nothing in the evidence to support that undocumented assertion.

In any event, even if, hypothetically, the ALJ committed error, it was harmless error. Plaintiff was found to be fully capable of all medium exertional work. Clearly, even given a limitation against certain respiratory conditions, as Plaintiff asserts, there would be a substantial number of available jobs that would be within Plaintiff's RFC. It would be futile, therefore, to remand this matter simply to arrive at a determination of available work of which Plaintiff is clearly capable.

For the foregoing reasons, Plaintiff's fourth issue has no merit.

The decision of the ALJ will be affirmed. The Complaint will be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: February 11, 2010            /s/
                                    VICTOR B. KENTON
                                    UNITED STATES MAGISTRATE JUDGE

6